UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RMT LANDSCAPE CONTRACTORS, INC.,<br><br>Defendant. | Case No. 4:19-cv-01771-KAW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 28 |

On April 3, 2019, Plaintiffs filed the instant case against Defendant RMT Landscape Contractors, Inc., alleging that Defendant failed to pay contributions for hours worked by its employees, as required by the Bargaining and Trust Agreements and the Employee Retirement Income Security Act ("ERISA"). Pending before the Court is Plaintiffs' motion for summary judgment, seeking interest and liquidated damages on late-paid and unpaid contributions, as well as reasonable attorney's fees and costs.

On February 20, 2020, the Court held a hearing, and, upon consideration of the parties' filings and relevant legal authorities, for the reasons stated below, the Court GRANTS Plaintiffs' motion for summary judgment.

## I. BACKGROUND

Plaintiffs Laborers Trust Funds are multi-employer, employee benefit plans within the meaning of §§3(3) and 3(37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1002(3) and 1002(37). The Trustees of the Boards of Trustees are the administrators and named fiduciaries for the Laborers Trust Funds. Plaintiffs Laborers Trust Funds, established

under Trust Agreements, consist of all employee fringe benefit contributions that are to be made by employers pursuant to collective bargaining agreements as well as all returns on contributions and any other property received or held by the Trust Funds. (Decl. of Michelle Lauziere, "Lauziere Decl.," Dkt. No. 28-1 at ¶ 10; *see* Amended and Restated Trust Agreement Establishing the Laborers Pension Trust Fund For Northern California, "Trust Agreement," Lauziere Decl., Ex. A at 1-4; *see also* Trust Agreement Art. II § 1, Lauziere Decl., Ex. B.)

Defendant RMT Landscape Contractors, Inc. is an employer and a member of the Landscape Contractors Council of Northern California. (Lauziere Decl. ¶ 6, Ex. F.)

### A. Bargaining Agreements

On or about April 21, 1980, Defendant RMT Landscape Contractors, Inc. executed two separate Addenda with the Landscape Contractors Council of Northern California. (Lauziere Decl. ¶ 6; Addenda, Lauziere Decl., Ex. F.) The Addenda cover different jurisdictions, and provide employer contribution rates, for covered work, specific to those jurisdictions. *See ids.* The Addenda are referred to as the LLCC Master Addendum and the Landscape Tech Addendum. *See ids.* By virtue of its execution of the Addenda, Defendant became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement for Northern California ("Master Agreement"). *See ids.*

Section 28 of the Laborers Master Agreement requires that employers make contributions to the Laborers Trust Funds based on the hours that their respective employees worked as laborers. (*See* Master Agreement §§ 28A, 28B, Lauziere Decl. ¶ 16, Ex. G.) Employers are required to pay the employee fringe benefit contributions on or before the 25th day of the month immediately succeeding the month in which the employee's work was performed. (Lauziere Decl. ¶ 7.) In the event that the employer fails to make the monthly installments on or before the 25th day of the month in which the employee fringe benefit contributions are due, the employers are subject to interest at the rate of 1.5% per month as well as liquidated damages. (Lauziere Decl. ¶ 16; Liquidated Damage Program - Board Policy, Lauziere Decl., Ex. H.) Liquidated damages are set at $150 for each month that the contribution is delinquent. *See ids.* Pursuant to the Liquated

Damages provisions, for employers signed to the current agreement,

    1) The Fund Office will first attempt to collect the Liquidated Damages and/or interest by sending the employer a demand letter calling for immediate payment.

    2) If no response is received, and the employer has incurred at least $2,500.00 in Liquidated Damages and/or interest, the Fund Office will refer the case to Co-Legal Counsel for action.

(Liquidated Damage Program - Board Policy § 2(d).)

### B. Payment and Audit History

#### i. Payment History

Due to the four-year statute of limitations in ERISA actions, Plaintiffs are only seeking to collect those funds, that Defendant was delinquent in reporting and paying the contributions owed, from April 2015 to present. (Pls.' Mot. at 10; Pls.' Reply at 6.)

Defendant does not dispute that it is delinquent, but claims that the amount is at issue because it has been making payments since the lawsuit and the motion for summary judgment were filed. (Def.'s Opp'n at 6.)

#### ii. Audit

An audit of Defendant's records was conducted for the period between July 2017 and March 2019. (Lauziere Decl. ¶ 21, Ex. Q.) The result of the audit was that $3,682.40 was found to be due. *See ids.* As of November 26, 2019, Defendant paid the balance owed, but did not pay for the interest on that amount. (Lauziere Decl. ¶ 21b, Ex. S.)

### C. Procedural History

On January 10, 2020, Plaintiffs filed the instant motion for summary judgment. (Pl.'s Mot., Dkt. No. 28.) On January 24, 2020, Defendant filed its opposition. (Def.'s Opp'n, Dkt. No. 29.) On January 31, 2020, Plaintiffs filed their reply. (Pls.' Reply, Dkt. No. 32.) On February 19, 2020, Plaintiffs filed a supplemental declaration containing an updated damages calculation. (2d. Suppl. Decl. of Michelle Lauziere, "2d. Suppl. Lauziere Decl., Dkt. No. 33.)

## II. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a).

Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Southern Calif. Gas. Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may discharge its burden of production by either (1) "produc[ing] evidence negating an essential element of the nonmoving party's case" or (2) after suitable discovery, "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000); *see also Celotex*, 477 U.S. at 324-25.

Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Id.* (citations and quotations omitted). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NMS Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to

4

defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709 (9th Cir. 2011).

### III. DISCUSSION

There is no dispute that Defendant has not paid all outstanding contributions due. (Pls.' Mot. at 5-6; Def.'s Opp'n at 2.) Rather, the parties dispute the availability of liquidated damages and the total amount owed. (*See* Defs.' Opp'n at 2.)

#### A. Liquidated Damages are available.

In opposition, Defendant argues that liquidated damages are not available, because Plaintiff did not send a formal demand letter attempting to collect liquidated damages and/or interest for contributions paid, but paid late, prior to filing the lawsuit. (Def.'s Opp'n at 4; Decl. of Julie Briggs, "Briggs Decl.," Dkt. No. 30 ¶ 10.) Instead, Defendant claims to have only received monthly statements. *See ids.*

In reply, Plaintiffs contend that the monthly statements Defendant concedes to have received, demanded payment for the balance due and clearly states that "THIS IS A BILL." (Pls.' Reply at 6.) Defendant provides no authority to support its contention that a specific format is required to comply with the demand letter requirement, and the monthly statement contains the amount of unpaid principal, liquidated damages and interest owed on late-paid and unpaid contributions. (*See* Suppl. Decl. of Michelle Lauziere, "2d Suppl. Lauziere Decl.," Dkt. No. 35 ¶ 8, Ex. T at 1.)

Accordingly, the Court finds that Plaintiffs complied with the Board Policy pertaining to Liquidated Damages that required that a demand letter be sent to Defendant prior to initiating the lawsuit, thereby entitling Plaintiffs to liquidated damages and interest.

#### B. The Amount owed is not a genuine dispute of material fact.

In making the motion, Plaintiffs originally sought $248,271.93 in principal, liquidated damages, and interest on unpaid and late-paid contributions. (*See* Pls.' Mot. at 20.) In opposition,

Defendant argues that the amount owed is a genuine dispute of material fact, because RMT made payments totaling $88,311.85 in January 2020, such that Plaintiffs cannot receive a judgment in the specific amount requested. (Def.'s Opp'n at 6.) In short, and without providing any applicable legal authority, Defendant is arguing that it can defeat summary judgment by paying down a portion of the balance owed. *See id.* This argument is unavailing and runs counter to public policy, as it would permit a delinquent employer, who concedes that it is delinquent and does not contest the accuracy of Plaintiffs' accounting, to proceed to trial, simply because it made some payments. The Court notes that Defendant does not contest the accuracy of Plaintiffs' records, such that the amounts owed as of the date the motion for summary judgment was filed are unopposed.

To the contrary, this is the very type of issue that can be easily resolved on summary judgment, because the only issue is crediting the amount paid to the amounts owed. In sum, this is a mathematical calculation. That said, the Court does agree with Defendant that it would be improper to allow Plaintiff to collect monies that are no longer delinquent. In ERISA cases, interest is constantly accruing, so Plaintiffs are correct that the balance on a given date "can only be a 'snapshot in time'". (Pls.' Reply at 6.)

As of February 19, 2020, the balance owed to Plaintiffs' was calculated as follow:

**Under the LLC Master Addendum:**
**Liquidated Damages and Interest on Contributions Paid, but Paid Late:**     **$44,652.87**

- **Contributions Reported, Not Paid:**

| | |
|---|---:|
| § 1132(g)(2)(A) unpaid contributions | $89,204.27 |
| § 1132(g)(2)(B) interest | $5,676.69 |
| § 1132(g)(2)(C) interest | $5,676.69 |
| Subtotal | **$100,557.65** |

**Under the Landscape Tech Addendum:**
**Liquidated Damages and Interest on Contributions Paid, but Paid Late:**     **$3,269.58**

| | | |
|---|---:|---:|
| § 1132(g)(2)(A) unpaid contributions | | $37,268 |
| § 1132(g)(2)(B) interest | | $594.98 |
| § 1132(g)(2)(C) interest | | $594.98 |
| | Subtotal | **$38,457.96** |

**Pursuant to Audit Under the LLC Master Addendum:**

**Liquidated Damages and Interest on Contributions Not Reported, Not Paid:**

| | | |
|---|---:|---:|
| § 1132(g)(2)(B) interest | | $893.66 |
| § 1132(g)(2)(C) interest | | $893.66 |
| | Subtotal | **$1,787.32** |
| | **TOTAL** | **$188,725.38** |

(2d Suppl. Lauziere Decl. ¶ 2, Exs. U-AA.) At the hearing, Defendant did not contest the accuracy of Plaintiffs' damages calculation.

Accordingly, the Court finds that Defendant owes $188,725.38 in unpaid contributions, liquidated damages, and interest.

### C. Attorneys' fees and costs

Plaintiffs seek attorney's fees and costs in the amount of $20,524.12. (Pls.' Mot. at 19.) This amount consists of $19,977.00 in attorneys' fees for hours worked by Plaintiffs' counsel. (*See* Pls.' Mot. at 19; Decl. of Ronald L. Richman, "Richman Decl.," Dkt. No. 28-21 ¶ 5, Ex. A.) Plaintiffs also seek costs in the amount of $547.12. (*See* Pls.' Mot. at 19; Richman Decl. ¶ 6, Ex. B.) ERISA, §502(g)(2)(D) and the Trust Agreement, Article IV, Section 3, provide that the employer is to reimburse the Laborers Trust Funds for attorneys' fees and costs incurred in a suit to enforce payment of outstanding contributions. (Pls.' Mot. at 19; Lauziere Decl. ¶ 13, Ex. D.) Based on this contractual authorization, Defendant is liable for the reasonable attorney's fees and costs incurred by the Trust Funds in seeking to collect the delinquencies. *Kemner v. Dist. Council of Painting & Allied Trades No. 36,* 768 F.2d 1115, 1120 (9th Cir. 1985).

#### i. Attorneys' fees

Under ERISA § 1132(g)(2), fee awards are mandatory, but courts should consider the

reasonableness of these fees. *Kemmis v. McGoldrick,* 706 F.2d 993, 997-98 (9th Cir.1983) (stating that § 1132(g)(2) "now makes the award of attorney's fees mandatory when the trustees prevail in actions to enforce and collect benefit fund contributions"). The Ninth Circuit has articulated five factors that should be considered in determining reasonable attorney fees: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir. 1980). These factors are intended to guide the court in its discretion, but none of the factors are dispositive; any combination can support an award of fees. *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Acc. Ins. Co.,* 25 F.3d 743, 749 (9th Cir. 1994).

Here, the award of attorney's fees would deter other employers from becoming delinquent on employee contributions, because fees can add greatly to the amount of unpaid contributions. An award of fees further encourages employers to be more diligent in their record keeping and prompt with their payment. Also, Plaintiffs' straightforward claims have been adequately supported and the merits of their position are well-grounded. Accordingly, the undersigned finds that the above factors weigh in favor of awarding attorney's fees.

Once fees under ERISA are awarded, the court must calculate the lodestar amount to assess the reasonableness of attorney's fees. *Credit Managers Ass'n of S. Cal.,* 25 F.3d at 750. The lodestar amount is determined by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotations omitted). In awarding attorney's fees, courts must look to the prevailing market rates in the relevant community. *Bell v. Clackamas Cnty.,* 341 F.3d 858, 860 (9th Cir. 2003).

To date, Plaintiffs have incurred $19,977.00 in attorney's fees in bringing this enforcement action. (Pls. Mot. at 19; Richman Decl. ¶ 5, Ex. A.)

Ronald L. Richman is senior counsel and shareholder with the law firm. (Richman Decl. ¶ 3.) Mr. Richman has more than 30 years of experience with ERISA matters. *Id.* Mr. Richman's

8

time was billed at the shareholder rate of $345.00 per hour. (Richman Decl. ¶ 5.) Mr. Richman spent 28.4 hours on this matter, incurring $9,798.00 in attorneys' fees. (*See* Richman Decl. ¶ 5, Ex. A.)

Sarah Bowen is an associate with the law firm. (Richman Decl. ¶ 5.) Ms. Bowen's time was billed at the associate rate of $290.00 per hour. *Id.* Ms. Bowen spent 35.1 hours on this matter, incurring $10,179.00 in attorneys' fees. *Id.*

### a. *Reasonableness of the Hourly Billing Rate*

To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate must be assessed. *Credit Managers Ass'n of S. Cal.,* 25 F.3d at 750. In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir.2008). Generally, the relevant community is the forum where the district court sits. *Id.*

Here, Plaintiffs' claimed hourly rates range from $290.00 to $345.00 per hour. (Richman Decl. ¶¶ 4-5.) Plaintiffs' hourly rates are within the range found reasonable in ERISA actions by other judges in the Northern District. *See, e.g., Bd. of Trustees v. Diversified Concrete Cutting, Inc.,* No. 17-CV-06938-MEJ, 2018 WL 3241040, at *7 (N.D. Cal. July 3, 2018), *report and recommendation adopted sub nom. Bd. of Trustees as Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Diversified Concrete Cutting, Inc.,* No. 17-CV-06938-RS, 2018 WL 4775429 (N.D. Cal. July 27, 2018) (finding hourly rates of $345 reasonable in ERISA case). After reviewing Plaintiffs' billing records and considering the experience of counsel, the undersigned finds that the hourly rates are reasonable and consistent with the prevailing market rates in the Northern District. Additionally, the Court notes that Defendant does not address the reasonableness of the billed hourly rates, and has, therefore, waived any arguments pertaining to their reasonableness.

### b. *Reasonableness of the Hours Billed*

In order to assess whether the number of hours billed is reasonable, Plaintiffs must submit detailed records justifying the hours that have been expended. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986).

Here, Plaintiffs' counsel billed a total of 63.5 hours of attorney time from February 11, 2019 through December 26, 2019, incurring $19,997.00 in fees. (Richman Decl. ¶ 5, Ex. A.) Defendant does not contest that attorneys' fees sought, and, after reviewing Plaintiffs' declaration and billing records in this matter, the undersigned finds the number of hours billed reasonable.

Thus, the undersigned awards Plaintiffs reasonable attorneys' fees in the amount of $19,997.00.

### ii. Costs

Plaintiffs seek reimbursement of costs in the amount of $547.12. (Richman Decl. ¶ 6, Ex. A at 9-10.) Costs were incurred for court filing fees and the service of the summons and complaint. *See ids.*

These costs appear reasonable, and, therefore, the undersigned awards costs in the amount of $547.12.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for summary judgment against Defendant RMT Landscape Contractors, Inc., and awards Plaintiffs the following:

| | |
|---|---|
| **Under the LLC Master Addendum:** | |
| **Liquidated Damages and Interest on Contributions Paid, but Paid Late:** | **$44,652.87** |
| • **Contributions Reported, Not Paid:** | |
| § 1132(g)(2)(A) unpaid contributions | $89,204.27 |
| § 1132(g)(2)(B) interest | $5,676.69 |
| § 1132(g)(2)(C) interest | <u>$5,676.69</u> |
| Subtotal | **$100,557.65** |
| **Under the Landscape Tech Addendum:** | |
| **Liquidated Damages and Interest on Contributions Paid, but Paid Late:** | **$3,269.58** |
| § 1132(g)(2)(A) unpaid contributions | $37,268 |
| § 1132(g)(2)(B) interest | $594.98 |

10

| | | |
|---|---:|---:|
| § 1132(g)(2)(C) interest | | $594.98 |
| | Subtotal | **$38,457.96** |

**Pursuant to Audit Under the LLC Master Addendum:**

**Liquidated Damages and Interest on Contributions Not Reported, Not Paid:**

| | | |
|---|---:|---:|
| § 1132(g)(2)(B) interest | | $893.66 |
| § 1132(g)(2)(C) interest | | $893.66 |
| | Subtotal | **$1,787.32** |
| **Attorneys' Fees and Costs:** | | **$20,524.12** |
| | **TOTAL** | **$209,249.50** |

IT IS SO ORDERED.

Dated: February 28, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

11